IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                               PLAINTIFF

v.                           Case No. 4:20-cr-00271-01 KGB

TERRELL MOSES                                                          DEFENDANT

### ORDER

Pending before the Court are three motions *in limine* filed by the government (Dkt. Nos. 104, 105, 121). Defendant Terrell Moses responded to each of the motions (Dkt. Nos. 122, 123, 124). The Court also heard argument from the parties at the pretrial conference on June 5, 2023.

As to those matters about which the Court grants an *in limine* motion, all parties, their counsel, and witnesses are directed to refrain from making any mention through interrogation, *voir dire* examination, opening statement, arguments, or otherwise, either directly or indirectly, concerning the matters about which the Court grants an *in limine* motion, without first approaching the bench and obtaining a ruling from the Court outside the presence of all prospective jurors and the jurors ultimately selected to try this case. Further, all counsel are required to communicate this Court's rulings to their clients and witnesses who may be called to testify in this matter. If any party believes that, due to evidence presented or argument made, the Court should reconsider an *in limine* ruling, the party should first approach the bench and obtain a ruling from the Court on a request to reconsider outside the presence of all prospective jurors ultimately selected to try this case.

    **I.**    **First Motion *In Limine***

Before the Court is the government's first motion *in limine* (Dkt. No. 104). Mr. Moses responded to the motion (Dkt No. 122).

First, the government requests that the Court bar any evidence presented during Mr. Moses's case-in-chief that is not produced well in advance of trial (Dkt. No. 104, at 1–2). Federal Rule of Criminal Procedure 16(b) imposes a reciprocal duty upon defendants to disclose any material to be used in their case in chief. *See* Fed. R. Crim. P. 16(b)(1)(A)(ii). The Court understands from Mr. Moses's response that the parties have discussed what exhibits, if any, the defense might seek to introduce into evidence (Dkt. No. 122, ¶ 4). Further, the parties discussed potential defense witnesses at the pretrial conference. The Court grants the government's motion on this point.

Second, the government moves to prevent counsel for Mr. Moses from referencing in any way the possible penalty or punishment Mr. Moses could receive in this matter, including any arguments that the jury's verdict could "deprive the defendant's liberty" or any similar phrase (Dkt. No. 104, at 2). The governments cites *United States v. Goodface*, 835 F. 2d 1233, 1237 (8th Cir. 1987), for the proposition that sentencing and punishment is solely the province of the Court (*Id.*). The Court agrees that any sentence to be imposed in the event that Mr. Moses is found guilty is the responsibility of the Court and that the jury is not to consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt. Further, punishment is not related to Mr. Moses's guilt or innocence. *See* Fed. R. Evid. 401, 402. Accordingly, the parties are directed not to make argument, solicit testimony, or introduce evidence regarding potential punishment before potential jurors and the jury at trial.

Third, the government moves to bar any argument at trial that the searches and seizures in this case were in any way unconstitutional or illegal (Dkt. No. 104, at 2–3). The Court does not understand the government's motion on this point to be directed at Mr. Moses. To the extent the government's point on this point remains pending, the Court grants the motion.

## II.      Second Motion *In Limine*

The government's second motion *in limine* to exclude evidence of possible witness William Adam McNeal's pending indictment is agreed to by the parties (Dkt. Nos. 105, 123). The Court grants the government's motion (Dkt. No. 105).

## III.     Third Motion *In Limine*

Before the Court is the government's third motion *in limine* regarding co-defendant Orlando Toney (Dkt. No. 121). The government states that counsel for Mr. Toney informed the government that Mr. Toney would assert his Fifth Amendment right and refuse to testify if called as a witness on the basis that his testimony could incriminate him. The government requests that: (1) the Court prevent the defense from arguing that Mr. Toney's absence at trial should be held against the government; and (2) the Court *voir dire* the jury venire on this issue to ensure that prospective jurors would agree to not hold Mr. Toney's absence from the trial against either party.

In response, Mr. Moses agrees that the government correctly states the law that applies to this issue (Dkt. No. 124). Mr. Moses states that, under these circumstances, he would not attempt to call as a witness Mr. Toney or insinuate that the jury should consider his absence at trial as having any relevance or significance to this case (*Id.*, at 2). However, Mr. Moses asserts that he is not foregoing presentation of any evidence about Mr. Toney's actions on the day of the alleged offenses (*Id.*).

Accordingly, the Court grants the government's third motion *in limine* (Dkt. No. 121).

It is so ordered this 5th day of June, 2023.

Kristine G. Baker
United States District Judge