IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                           PLAINTIFF

v.                         Case No. 4:20-cr-00271-01 KGB

TERRELL MOSES                                                     DEFENDANT

**ORDER**

Pending before the Court is defendant Terrell Moses's motion *in limine* to exclude waiver of parole revocation hearing and any associated documents (Dkt. No. 155). The government responded in opposition to the motion (Dkt. No. 157). The Court also heard evidence, testimony, and argument from the parties at the pretrial conference on June 5, 2023.

As to those matters about which the Court grants an *in limine* motion, all parties, their counsel, and witnesses are directed to refrain from making any mention through interrogation, *voir dire* examination, opening statement, arguments, or otherwise, either directly or indirectly, concerning the matters about which the Court grants an *in limine* motion, without first approaching the bench and obtaining a ruling from the Court outside the presence of all prospective jurors and the jurors ultimately selected to try this case. Further, all counsel are required to communicate this Court's rulings to their clients and witnesses who may be called to testify in this matter. If any party believes that, due to evidence presented or argument made, the Court should reconsider an *in limine* ruling, the party should first approach the bench and obtain a ruling from the Court on a request to reconsider outside the presence of all prospective jurors ultimately selected to try this case.

Mr. Moses requests that the Court enter an order to exclude his waiver of parole revocation hearing and any associated documents, including a violation report, as inadmissible pursuant to

Federal Rules of Evidence 103, 401, 403, and 404, and the constitutional principles of due process of law (Dkt. No. 155, at 1).  Mr. Moses explains that the government intends to introduce as evidence his waiver of parole revocation hearing and associated documents, some of which are signed by Mr. Moses, and will characterize the waiver "as an admission by Mr. Moses that he committed the offense charged in this case." (*Id.*, at 2).  Mr. Moses maintains "that he signed the waiver so he could gain release from prison within six months rather than within a year." (*Id.*).  Mr. Moses relies, in part, on *United States v. Ramos*, 852 F.3d 747 (8th Cir. 2017).

Mr. Moses contends that he did not have access to "the full panoply of rights applicable to a criminal trial"; that Federal Rule of Criminal Procedure 11, which is intended to ensure that a plea is knowing and voluntary, does not apply to alleged admissions to parole violations; and that he was not under oath when he signed the form (*Id.*).  Mr. Moses also asserts that, by signing the form, his release was revoked for six months as opposed to the potential of up to one year of revocation of his release had he proceeded to a revocation hearing; that the preponderance of the evidence standard applies at a revocation hearing; that the rules of evidence do not strictly apply at a revocation hearing; that the Fourth Amendment exclusionary rule does not strictly apply at a revocation hearing; that his right to cross-examine and confront adverse witnesses is subject to being limited by a hearing examiner at a revocation hearing; and that he would not have been afforded the right to a jury trial at a revocation hearing (*Id.*, at 3).

Mr. Moses also maintains that the admission of such evidence violates Federal Rule of Evidence 404 because the proposed evidence mentions numerous prior bad acts that are irrelevant or for which the marginal relevance is grossly and unfairly outweighed by the dangers of unfair prejudice and confusion of the issues (*Id.*, at 4).  Mr. Moses requests that, if the Court admits the waiver of parole revocation hearing and associated documents over Mr. Moses's objection, the

Court should admit only the parole conditions form rather than the violation report to avoid unfair prejudice associated with what he characterizes as "the large amounts of hearsay and inadmissible prior-bad-acts and propensity evidence." (*Id.*, at 5).

The government responds that Mr. Moses filed his motion *in limine* too close to trial to be considered (Dkt. No. 157).  The Court rejects this argument, given that the Court understands this as an evidentiary objection, that all parties have fully briefed the issue prior to trial, that the parties presented argument on the matter at the pretrial hearing, and that Mr. Moses could have raised this objection first at the trial when the government attempted to introduce the documents.

The government characterizes Mr. Moses's executed form as an admission and "confession," asserting that Federal Rule of Evidence 404 does not bar introduction of this form (*Id.*, at 2–3).  The government maintains that the statements in the form are relevant to the issue of whether Mr. Moses possessed guns on November 7, 2019 (*Id.*, at 3).  Further, the government argues that Federal Rule of Evidence 403 should not exclude the admission of the statements in the form (*Id.*, at 4–10).

In addition, the government argues that *United States v. Walrath*, 324 F.3d 966 (8th Cir. 2003), controls and governs the admissibility of this evidence, not what the government asserts is dicta from *Ramos* (*Id.*, at 4–8). Even if this Court considers *Ramos* persuasive, the government maintains that the proffered evidence in this case differs for three reasons:  (1) the government contends the bases of the violations in this case are the same as the charges at issue here; (2) the government asserts the paperwork in this case provides specific details of the violations that were read verbatim to Mr. Moses prior to him signing the documents; and (3) the government has redacted the documents which the government contends "eliminates the unfair prejudice that concerned the *Ramos* court." (*Id.*, at 8).  The government also cites this Court to *United States v.*

*Thabit*, Case No. 4:19-cr-00677-DPM (E.D. Ark. 2023), characterizing that decision as rejecting as "meritless" similar arguments.

This Court determines that Mr. Moses's objection to evidence of his waiver of parole revocation hearing and associated documents is not meritless. However, based on the Court's understanding of the holding of *Walrath*, the Court determines this evidence and related documents are admissible as relevant evidence, but the Court shares the Federal Rule of Evidence 403 concerns articulated in *Ramos*. To address the Court's Rule 403 concerns at issue in Mr. Moses's case, the Court addressed on the record concerns regarding the government's proposed redactions to the documents and addressed with all counsel and Mr. Moses a proposed limiting instruction to be given at the time such evidence is presented in an effort to address the concerns identified by this Court and in *Ramos*. For these reasons, the Court denies Mr. Moses's motion *in limine* and will confer further with all counsel and Mr. Moses on the proposed redaction of documents and language of the limiting instruction (Dkt. No. 155).

It is so ordered this 5th day of June, 2023.

*[signature: Kristine G. Baker]*

Kristine G. Baker
United States District Judge