IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                      PLAINTIFF

v.                              Case No. 4:20-cr-00271-01 KGB

TERRELL MOSES                                                                  DEFENDANT

### ORDER

Pending before the Court is defendant Terrell Moses's motion *in limine* to exclude the government's proposed admission of evidence pursuant to Federal Rule of Evidence 404(b) (Dkt. No. 158). The government filed its notice of intent to present evidence pursuant to Federal Rule of Evidence 404(b) (Dkt. No. 125). Attached as exhibits to the government's notice are three certified judgment sheets (Dkt. Nos. 125-1; 125-2; 125-3). By prior Order, the Court granted the government's motion to correct or supplement a document (Dkt. No. 125-2, at 3) included in one of its exhibits (Dkt. Nos. 150; 153). The Court also heard argument from the parties at the pretrial conference on June 5, 2023, and at several other times outside the presence of the jury during the day on June 5, 2023, regarding the proposed Rule 404(b) evidence identified by the government.

As to those matters about which the Court grants an *in limine* motion, all parties, their counsel, and witnesses are directed to refrain from making any mention through interrogation, *voir dire* examination, opening statement, arguments, or otherwise, either directly or indirectly, concerning the matters about which the Court grants an *in limine* motion, without first approaching the bench and obtaining a ruling from the Court outside the presence of all prospective jurors and the jurors ultimately selected to try this case. Further, all counsel are required to communicate this Court's rulings to their clients and witnesses who may be called to testify in this matter. If any

party believes that, due to evidence presented or argument made, the Court should reconsider an *in limine* ruling, the party should first approach the bench and obtain a ruling from the Court on a request to reconsider outside the presence of all prospective jurors ultimately selected to try this case.

First, the government intends to present evidence of Mr. Moses's two prior misdemeanor convictions for misdemeanor possession of marijuana (Dkt. No. 125, at 2).  Judgments were entered on these prior misdemeanor convictions in 2015, approximately four years before the conduct alleged in the indictment began.  In Case No. CSC 14-4459, Mr. Moses received a sentence of 0 days custody and had his driver's license suspended for six months (Dkt. No. 125-1).  In Case No. CWC-15-1354, Mr. Moses received a sentence of one year of probation (Dkt. No. 125-3).  The government maintains that it intends to argue, if permitted, that these "lax sentences" would not be sufficient to cause a suspect to risk a physical fight and foot chase with an armed police officer (Dkt. No. 125, at 2).  According to the government, evidence of Mr. Moses's prior misdemeanor convictions for possession of marijuana are relevant to the material issue of Mr. Moses's motive for fighting with and running from an armed police officer; similar to the instant case; supported by certified judgment sheets, which are sufficient evidence; and have "an extremely high probative value because they suggest that the defendant's motive for fighting with and running from an armed police officer must have been something more than simple marijuana possession." (*Id.*, at 4).

Second, the government intends to introduce evidence of Mr. Moses's prior misdemeanor conviction for carrying a weapon from April 16, 2015 (*Id.*, at 2).  The government maintains that Mr. Moses's prior misdemeanor conviction for carrying a weapon shows motive, intent, and lack of mistake or accident with respect to the conduct alleged in this case—namely, Mr. Moses's

alleged possession of firearms on November 7, 2019 (*Id.*, at 2).  According to the government, evidence of Mr. Moses's prior misdemeanor conviction for carrying a weapon is relevant to the material issue of motive, intent, and lack of mistake or accident with respect to Mr. Moses's possession of firearms on November 7, 2019; similar to the instant case; supported by a certified judgment sheet, which is sufficient evidence; and highly probative value because "it shows that it was not a fluke that two firearms were found in the path of his flight from police" (*Id.*, at 5).  In further consideration of this proposed Rule 404(b) evidence, counsel for the government presented to the Court what is now marked as Court's Exhibit 2, documents regarding the circumstances surrounding this prior misdemeanor conviction for carrying a weapon.

The government states that any potential unfair prejudice resulting from the introduction of Mr. Moses's prior misdemeanor convictions can be mitigated with a limiting instruction (*Id.*).

Rule 404(b)(2) allows the admission of evidence of a prior bad act if:  (1) the prior bad act is relevant to a material issue; (2) the prior bad act is similar in kind and not overly remote in time to the crime charged; (3) the prior bad act is supported by sufficient evidence; and (4) the prior bad act's potential prejudice does not substantially outweigh its probative value.  *United States v. Banks*, 706 F.3d 901, 906–07 (8th Cir. 2013) (citing *United States v. Gaddy*, 532 F.3d 783, 789 (8th Cir. 2008)).  The trial court is given broad discretion in determining admissibility, *United States v. Wagoner*, 713 F.2d 1371, 1375 (8th Cir. 1983), and "evidence of prior bad acts 'should be admitted if there is sufficient evidence to support a finding by the jury that the defendant committed the [prior acts],'" *United States v. Felix*, 867 F.2d 1068, 1072 (8th Cir. 1989) (quoting *Huddleston v. United States*, 485 U.S. 681 (1988)).

Mr. Moses responded to the government's notice by filing his motion *in limine* (Dkt. No. 158).  Mr. Moses argues initially that the prior misdemeanor convictions are more remote in time

3

than the government maintains; Mr. Moses relies upon the trial date to assess age of prior conviction, not the date of the charged conduct (*Id.*, at 2–3).  Further, he maintains that this evidence is inadmissible under Rules 404(a) and 404(b)(1) because it is being offered as propensity evidence that Mr. Moses acted in accord with bad character at the time of the charged offense (*Id.*, at 3).  He asserts that the proposed evidence is not relevant under Federal Rules of Evidence 401(a) and 401(b) (*Id.*).  Mr. Moses also asserts that Federal Rule of Evidence 403 bars the admission of this evidence.  He argues that the prejudicial value, if any, of this evidence is greatly outweighed by the fact that it is unfairly prejudicial, confuses the issues, and will mislead the jury (*Id.*).  As Mr. Moses notes, even if he took the stand in his own defense, he would not be subject to impeachment through these prior misdemeanor offenses (*Id.*).

      For the reasons the Court stated on the record in open court, the Court determines that the evidence of Mr. Moses's two prior misdemeanor convictions for misdemeanor possession of marijuana are excluded from evidence and that the evidence of Mr. Moses's prior misdemeanor conviction for carrying a weapon from April 16, 2015, is admissible, provided the Court gives a limiting instruction after consultation on the record with counsel and Mr. Moses about the language of that limiting instruction.

      It is so ordered this 6th day of June, 2023.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge