IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                               Case No. 4:20-cr-00271 KGB

TERRELL MOSES                                                                          DEFENDANT

**ORDER**

Before the Court is defendant Terrell Moses's motion for a new trial (Dkt. No. 174). The government responded in opposition to the motion (Dkt. No. 189). For the following reasons, the Court denies the motion (Dkt. No. 174).

Mr. Moses was convicted of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1) as set forth in the superseding indictment following a jury trial (Dkt. Nos. 65; 162; 164; 165; 166; 167; 168).

Mr. Moses moves for a new trial pursuant to Federal Rule of Criminal Procedure 33. Rule 33 allows the court to vacate any judgment and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). When evaluating a motion for a new trial on the basis of insufficient evidence, "the district court is not required to view the evidence in the light most favorable to the verdict; instead, [it] may weigh the evidence and judge witness credibility for itself." *United States v. Clayton*, 787 F.3d 929, 935 (8th Cir. 2015). However, a "jury's verdict must be allowed to stand unless 'the evidence weighs heavily enough against the verdict [such] that a miscarriage of justice may have occurred.'" *Id*. (alterations in original) (quoting *United States v. Johnson*, 474 F.3d 1044, 1051 (8th Cir. 2007)); *see United States v. Stacks*, 821 F.3d 1038, 1044 (8th Cir. 2016) ("Motions for new trials based on the weight of the evidence are generally disfavored."). The power of the court to grant a new trial should be invoked only in an

exceptional case where the evidence preponderates heavily against the verdict. *United States v. Starr*, 533 F.3d 985, 999 (8th Cir. 2008). "As a general rule, the decision whether to grant or deny a motion for a new trial lies within the discretion of the district court." *United States v. McMahan*, 744 F.2d 647, 652 (8th Cir. 1984). Such authority, however, "should be exercised sparingly and with caution." *United States v. Cole*, 537 F.3d 923, 926 (8th Cir. 2008) (quoting *United States v. Sturdivant*, 513 F.3d 795, 802 (8th Cir. 2008)).

In support of his motion, Mr. Moses argues that the weight of the evidence presented at trial does not support conviction. As the government observes, Mr. Moses moved for a judgment of acquittal at trial after the government submitted its proof, and the Court denied the motion submitting the case to the jury (Dkt. No. 189, at 3). The jury returned a guilty verdict against Mr. Moses (Dkt. No. 164). The government observes that "[a]s the jury concluded, the circumstantial evidence demonstrated that [Mr.] Moses possessed the firearms beyond a reasonable doubt . . . ." (Dkt. No. 189, at 5).

In support of his argument for a new trial on the sufficiency of the evidence, Mr. Moses cites *United States v. Dodd*, 391 F.3d 930 (8th Cir. 2004), and *United States v. Parker*, 871 F.3d 590 (8th Cir. 2017) (Dkt. No. 174, at 1–3). The government maintains in its response that *Parker* is factually distinguishable from Mr. Moses's case and, therefore, does not control the outcome here (Dkt. No. 189, at 2–5). The Court finds that *Dodd* is factually distinguishable from Mr. Moses's case as well. In *Dodd*, the Eighth Circuit affirmed a district court's decision to grant a defendant's motion for new trial under Rule 33 when, based on the district court's discretion, trial witnesses were unable to identify sufficiently the defendant as the individual who participated in the alleged crime. 391 F.3d, at 933, 935. Identification is not at issue here. Having studied the cases cited by counsel for Mr. Moses and counsel for the government, and having studied the entire

record in this case, the Court concurs with counsel for the government. The cases cited by Mr. Moses do not control the outcome here. Further, Mr. Moses' argument regarding the absence of fingerprints or DNA on the firearm is not persuasive here, especially in the light of the authorities on this point cited by the government in its response (Dkt. No. 189, at 4). The Court determines that Mr. Moses has not met his burden under Rule 33 with regard to his insufficiency of the evidence argument and denies his motion for new trial on this basis.

Mr. Moses also argues that what he characterizes as the "misdemeanor propensity evidence" was unfairly admitted (Dkt. No. 174, at 3–4). These issues were previously litigated by counsel (Dkt. No. 163). The Court considered the issues and overruled Mr. Moses's objection on this point (*Id.*). The Court also gave to the jury a limiting instruction to guard against any unfair prejudice from the admission of such evidence (Dkt. No. 167, at 5).

Having considered Mr. Moses' motion, the government's response, and the entire record in this case, the Court determines that the admitted evidence does not preponderate heavily against the verdict and that the interest of justice does not require a new trial. For these reasons, the Court denies Mr. Moses's motion for new trial (Dkt. No. 174).

Dated this 2nd day of February, 2024.

_Kristine G. Baker_
Kristine G. Baker
Chief United States District Judge